IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Andre Kinley, | C/A No. 5:18-cv-01845-CMC |
| Plaintiff, | |
| vs. | |
| Husqvarna Consumer Outdoor Products, N.A., Inc., Thaddeus Grant, and John Doe, | Opinion and Order<br>Granting Motion to Remand |
| Defendants. | |

Through this action, Plaintiff, Andre Kinley ("Plaintiff"), seeks recovery from Defendants Husqvarna Consumer Outdoor Products, N.A., Inc., ("Husqvarna"), Thaddeus Grant ("Grant"), and John Doe ("Doe") for injuries Plaintiff sustained while working at a Husqvarna facility in Orangeburg, South Carolina. Plaintiff alleges he suffered these injuries while "employed by Interline Logistics Group ["ILG"] and working on the premises of Husqvarna[.]" ECF No. 1-1 ¶ 8. He alleges Husqvarna is liable based on a variety of negligent acts or omissions by its agents, servants or employees that resulted in the dangerous condition (damaged steps on a truck) that caused Plaintiff's injury, and a failure to repair or warn of that condition. *E.g.*, *id.* ¶ 17. Grant and Doe are two of Husqvarna's employees whose actions Plaintiff alleges caused or contributed to his injuries. *Id.* ¶¶ 4, 6, 7, 11, 12.

The matter was originally filed in state court and removed by Husqvarna to this court based on the assertion of diversity jurisdiction. While conceding Defendant Grant is alleged to be a citizen of the same state as Plaintiff, Husqvarna asserted Grant's citizenship should be disregarded for purposes of removal because he is fraudulently joined. As to Doe, Husqvarna noted the absence of any citizenship allegation and argued he, too, was fraudulently joined.

The matter is before the court on Plaintiff's motion to remand. This motion turns on whether Defendants Grant and Doe are fraudulently joined or their citizenship may otherwise be disregarded. For reasons set forth below, the court finds Doe's citizenship may be disregarded but the allegations against Grant are sufficient to preclude a finding of fraudulent joinder. The motion is, therefore, granted and this matter is remanded to the state court from which it was removed.

## FRAUDULENT JOINDER STANDARD

When a plaintiff has fraudulently joined a nondiverse defendant, a district court may retain jurisdiction and disregard the nondiverse party. *See Mayes v. Rapaport*, 198 F.3d 457, 461 (4th Cir. 1999). To show fraudulent joinder, a removing party "must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" *Hartley v. CSX Transportation, Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)). "The party alleging fraudulent joinder bears a heavy burden–it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Hartley*, 187 F.3d at 424.

The Fourth Circuit has described this standard as "even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Id*. (citations omitted). All the plaintiff needs to show is that there is a "glimmer of hope," *Mayes*, 198 F.3d at 466, or a "slight possibility of a right to relief" in state court. *Hartley*, 187 F.3d at 426.[1]

---

[1] Both sides suggest the court may look beyond the pleadings in ruling on whether a defendant is fraudulently joined. ECF No. 13 at 1 (relying on affidavit); ECF No. 20 at 3 (citing *AIDS Counseling and Testing Centers v. Group W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990) for proposition court "may consider the entire record" in ruling on whether party is fraudulently

2

# ALLEGATIONS OF COMPLAINT

Doe is identified as a maintenance worker and employee of Husqvarna. ECF No. 1-1 ¶ 7. Plaintiff alleges Doe damaged the steps of a Tyco truck ("Truck T-1") while working in that capacity. *Id.* ¶ 11. Plaintiff was injured when he fell from Truck T-1 due to the damaged steps. *Id.* ¶ 9, 10.

Grant is identified as "Safety Manager" for Husqvarna. *Id.* ¶ 6. Between the time the damage occurred and Plaintiff's fall, someone reported the damage to "the maintenance supervisor and safety manager of Husqvarna[,]" but these individuals "failed to take action to repair the steps, take the truck out of service, or warn others of the damaged condition of the steps and resulting hazard." *Id.* ¶ 12.

Plaintiff alleges "Defendants, by and through their employees, agents, and/or representatives, knew of the previous damage to Truck T-1 and should have known the damaged steps constituted a hazard to anyone attempting to enter, exit, or operate the truck." *Id.* ¶ 13. Plaintiff, similarly, alleges Defendants, collectively and through "employees, agents, or representatives" had and breached a duty to maintain control of the vehicle that damaged the steps and to repair the damage or warn of the defective condition. *Id.* ¶¶ 14, 15. While these allegations speak in terms of derivative liability, Plaintiff's summary of alleged negligent actions refers to Defendants' liability for individual as well as derivative actions. *Id.* ¶ 17.

---

joined). However, as noted in *Allard v. Laroya*, 163 F. Supp. 3d 309, 310-11 (E.D. Va. 2016), the Fourth Circuit has applied the standard announced in *Aids Counseling* in only two cases, and then only where the plaintiff is attempting to join a non-diverse defendant *after* removal. In any event, the submissions beyond the complaint on which the parties rely would not lead to a different result for reasons discussed below.

## EVIDENTIARY SUBMISSIONS

In seeking remand, Plaintiff relies both on the Complaint and an affidavit of Anthony Watson ("Watson Affidavit"). Watson avers he was an employee of ILG and the operator of the truck identified as Truck T-1. On an unspecified date prior to Plaintiff's injury, he was informed "a Husqvarna maintenance worker drove a Husqvarna maintenance truck into [T]ruck T-1 and drove away." Watson Affidavit ¶ 4. Watson avers this collision damaged the "steps that allow access to the rear of [Truck T-1]." *Id.* Watson "reported the incident and damage to [his supervisor], who reported it to another ILG supervisor, . . . who reported it to the maintenance supervisor or safety manager of Husqvarna." *Id.* ¶ 5.[2] Watson avers he personally informed another Husqvarna maintenance worker about the incident, and states Husqvarna's maintenance workers were aware of the damage and need for repair but no repairs were made or, to his knowledge, warnings given prior to the failure of the steps on Truck T-1that caused Plaintiff's injury. *Id.* ¶¶ 6, 7.

Husqvarna also relies on an evidentiary submission, the declaration of Michelle Brady ("Brady Declaration"). Brady avers she is the "Senior Environmental Health Safety & Security ['EHSS'] Manager for Husqvarna's Orangeburg facility." ECF No. 20-1 ¶ 2. She also avers Grant has the title of "Safety Manager" and is one of ten employees in the EHSS Department, and reports to Brady. *Id.* ¶¶ 4, 5. Grant's responsibilities do not include maintaining vehicles or premises, notifying transportation and logistics individuals of potential hazards, supervising employees outside EHSS, or operating the Orangeburg facility. *Id.* ¶ 6. His duties, instead, include the

---

[2] Watson does not claim personal knowledge of the third-party reports. Thus, these assertions and some others in the affidavit appear to be hearsay.

following: (1) maintaining first aid area and personnel; (2) auditing the facility for safety compliance and reporting the same to management; (3) analyzing safety incident data; (4) assisting with incident investigation; (5) providing safety training to new hires; (6) contractor orientation; and (7) assisting in providing independent contractor safety training. *Id.* ¶ 7. Brady also avers Husqvarna's records do not indicate Grant was informed of the collision causing damage to Truck T-1. *Id.* ¶ 9.

## DISCUSSION

### I. Defendant Doe is Disregarded for Purposes of Removal

The removal statute provides "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1413(b). The allegations against Defendant Doe cannot, therefore, support remand, even assuming they might be construed to allege Doe is a citizen of the same state as Plaintiff.[3]

### II. The Allegations Against Grant Support Remand

The allegations against Grant include that he is a citizen of the same state as Plaintiff. Thus, if the allegations against Grant are otherwise sufficient to survive Husqvarna's fraudulent joinder challenge, they defeat jurisdiction and require remand.

As noted above, Husqvarna bears a heavy burden to demonstrate fraudulent joinder as it must show Plaintiff "cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Hartley*, 187 F.3d at 424. Thus, Husqvarna must show Plaintiff has neither a

---

[3] The Complaint does not include allegations as to Doe's citizenship.

"glimmer of hope" of success nor a "slight possibility of a right to relief" in state court. *Mayes*, 198 F.3d at 466; *Hartley*, 187 F.3d at 426.

Applying this standard, the court finds the allegations against Grant sufficient to defeat the fraudulent joinder challenge. This is because the Complaint alleges (1) Grant is the Safety Manager; (2) the damage was reported to the Safety Manager; and (3) the Safety Manager failed to take action to warn of the danger or remove the truck from service. While bare-boned, given the benefit of reasonable inferences, these allegations suffice to establish a slight possibility of a right to relief. Thus, they survive Husqvarna's fraudulent joinder challenge.

Even if properly considered, the affidavit and declaration do not change the result because neither defeats the possibility the report was made to Grant who had a responsibility to but failed to take action. While the Watson Affidavit is based largely on hearsay and is not alone sufficient to establish these facts, neither does it defeat them. Likewise, while the Brady Declaration may raise questions as to whether the damage was reported to Grant and whether his responsibilities included taking action to preclude or warn of the danger, it does not definitively answer those questions. Even if it purported to do so, Plaintiff would be entitled to test the veracity of the declaration prior to resolution of the issues.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to remand is, therefore, granted and this action is remanded to the state court from which it was removed.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
September 17, 2018